UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

VLADIMIR ZLATIN     PLAINTIFF

v.     CIVIL ACTION NO. 3:19-CV-P77-CRS

TRINITY SERVICES GROUP     DEFENDANT

## MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner civil rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

## I. SUMMARY OF COMPLAINT

Plaintiff Vladimir Zlatin is a pretrial detainee incarcerated at the Louisville Metro Department of Corrections (LMDC). In the caption of the complaint, he indicates that Trinity Services Group, which is ostensibly the food service provider at LMDC, is the only Defendant.[1]

In the "Statement of Claims" section of the complaint, Plaintiff states as follows:

1. Discrimination
2. Meals are kosher and not delivered with all other inmates, delivered hours after every one (inmates) else eats or not delivered at all.
3. Being feed the same thing for breakfast, lunch, and dinner for weeks at time.
4. Not being feed enough food to sustain when feed sometimes.
5. Live bugs in kosher meals on several acations.
6. Subject to diseases.
7. Stealing money from inmates trust funds, without returning comasory or funds.

As relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief in the form of "dismissal and expungement of all criminal records and charges."

---

[1] In the "Defendant(s)" section of the complaint, Plaintiff indicates that the is suing the "CEO," "President," "Vice President," and "Director" of Trinity Services Group in both their official and individual capacities. However, the Court need not address this discrepancy because dismissal would be appropriate against these parties as well.

## II. LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. First Amendment Free Exercise Clause/RLUIPA**

Plaintiff alleges that kosher meals at LMDC are often delivered hours after other inmates' meals, or sometimes not delivered at all; that he is being fed the same menu for breakfast, lunch, and dinner for "weeks at time"; and that sometimes the diet is not enough to "sustain" him.

The First Amendment, which is applicable to the States through the Fourteenth Amendment, provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof. . . ." U.S. Const., amend. 1. "Prisoners retain the First Amendment right to the free exercise of their religion." *Hayes v. Tennessee*, No. 09-5529, 424 F. App'x 546, 549 (6th Cir. 2011) (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)). A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v. Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015). Similarly, the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the

3

governmental imposition of a "substantial burden on the religious exercise" of an inmate unless the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a). The term "substantial burden" as used in RLUIPA is given the same interpretation as the concept of substantial burden on religious exercise in a First Amendment inquiry. *Living Water Church of God v. Charter Twp. Meridian*, 258 F. App'x 729, 733-34 (6th Cir. 2007). The requirement of a "substantial burden" is "a difficult threshold to cross" and requires a court consider whether a government action places substantial pressure on a plaintiff to violate his religious beliefs or effectively bars him from practicing his religion. *Id*. at 737. *See also Alexander v. Michigan*, No. 1:13-cv-1372, 2017 U.S. Dist. LEXIS 215146, at *22-23 (W.D. Mich. Sept. 18, 2017) (same).

The Court concludes that Plaintiff's allegations do not show that Defendant Trinity Services Group substantially burdened the exercise of his religion under either the Free Exercise Clause or RLUIPA. "[P]rison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010) (quoting *Alexander v. Carrick*, 31 Fed. App'x 176, 179 (6th Cir. 2002) (per curiam)). For an inmate, this is essentially a constitutional right not to eat food items prohibited by his religion. *Alexander*, 31 F. App'x at 179. If the prisoner's diet, as modified, is sufficient to sustain the prisoner in good health, no constitutional right has been violated. *Id*. A prisoner is not guaranteed of being served food items that he likes to eat. *See, e.g.*, *Pleasant-Bey v. Tenn. Dep't of Corr.*, No. 18-5424, 2019 U.S. App. LEXIS 10099, at *8-9 (6th Cir. Apr. 4, 2019) (holding that an inmate's complaints about the taste of halal meals and lack of variety in foods available on the halal menu failed to demonstrate a substantial burden of the exercise of the inmate's Muslim religion under either the Free Exercise Clause or RLUIPA) (citing *Spies v.*

*Voinovich*, 173 F.3d 398, 406-07 (6th Cir. 1999) ("[T]he fact that Plaintiffs dislike the alternate diet available does not render it unreasonable or legally deficient.")); s*ee also Smith v. Mohr*, No. 12-3241, 2012 U.S. App. LEXIS 27115, at *3 (6th Cir. 2012) (where the plaintiff alleged that "he had purchased kosher food from the commissary for over ten years because the kosher meals provided by the prison were 'distasteful,'" the Sixth Circuit affirmed the screening dismissal of the complaint because it was clear from the face of the complaint that the plaintiff "had access to kosher meals" and his "First Amendment rights were not violated simply because these kosher meals were 'distasteful.'").

Moreover, although Plaintiff also alleges that kosher meals were delivered "hours" after other inmates had eaten, and "sometimes" not at all, the Sixth Circuit has recognized that isolated incidents such as these are not sufficient to show a substantial burden on an inmate's exercise of his religion. *See, e.g.*, *Pleasant-Bey v. Tenn. Dep't of Corr.*, 2019 U.S. App. LEXIS 10099, at *11 (holding claims that a plaintiff missed meals on five occasions because they were served after sunrise during Ramadan and that he did not eat for one whole day because prison officials ended the meal schedule for the Ramadan fast one day early did not substantially burden the plaintiff's exercise of religion under the First Amendment or RLUIPA because the plaintiff did not allege that he felt compelled to modify his behavior and break his Ramadan fast as a result of the errors in delivery of his meals); *Colvin*, 605 F.3d at 293 (holding that isolated incidents in which a prisoner was mistakenly served non-kosher food was insufficient to show a substantial burden on inmate's religion freedom under the First Amendment); *Mubashshir v. Moore*, No. 3:10 CV 2802, 2011 U.S. Dist. LEXIS 42130, at *17-18 (E.D. Mich. April 19, 2011) (finding that "[i]solated acts or omissions, however, do not constitute a substantial burden on religious freedom" the First Amendment).

In sum, the Court concludes that these allegations do not show that Plaintiff's practice of religion was substantially burdened because they do not suggest that Defendant's actions placed substantial pressure on Plaintiff to violate his religious beliefs or effectively barred him from practicing his religion. As such, the Court will dismiss Plaintiff's claims under the First Amendment and RLUIPA for failure to state a claim upon which relief can be granted.

### B. Fourteenth Amendment Equal Protection Clause

Based on Plaintiff's assertion of "discrimination," it appears that he is raising an equal protection claim based on his allegations regarding the kosher diet served at LMDC. The Equal Protection Clause "embodies the principle that all persons similarly situated should be treated alike." *Scarbrough v. Morgan Cty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006) (citation omitted). "[T]o establish an equal protection violation, a plaintiff must establish more than differential treatment alone - a discriminatory intent or purpose is required." *Maye v. Klee*, 915 F.3d 1076, 1085 (6th Cir. 2019); *see also Robinson v. Jackson*, 615 F. App'x 310, 314 (6th Cir. 2015) (upholding district court's decision to grant judgment on the pleadings regarding plaintiff's equal protection claim since plaintiff failed to allege that an institution's decision not to serve "halal" meals to Muslim inmates, even though it provided kosher meals to Jewish inmates, was the result of "intentional or purposeful discrimination").

Thus, although Plaintiff alleges that his kosher meals were served later than other inmates' meals and that the kosher diet itself is homogenous, Plaintiff does not allege that these conditions are the result of a discriminatory purpose or intent. Thus, this claim must also be dismissed for failure to state a claim upon relief may be granted.

### C. Fourteenth Amendment Due Process Clause

#### 1. Inadequate Nutrition

The Court next turns to Plaintiff's allegation that the kosher diet he is served is on occasion insufficient to "sustain" him and that his meals have had bugs in them "on several acations." While the Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides the same protections to pretrial detainees. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F. 3d 907, 915 (6th Cir. 2016)). "The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Id.* (quoting *Villegas v. Metro Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013)).[2]

The Eighth Amendment prohibits any punishment that violates civilized standards of decency or causes unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed on this type of § 1983 claim, a plaintiff has the burden of showing that the defendants acted with "deliberate indifference" to his health and safety. *Farmer v. Brennan*, 511 U.S. 825, 828-29 (1994). "To raise a cognizable constitutional claim for deliberate indifference to an inmate's safety, an inmate must make a two-part showing: (1) the alleged mistreatment was objectively serious; and (2) the defendant[s] subjectively ignored the risk to the inmate's safety." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (citing *Farmer*, 511 U.S. at 834).

---

[2] At this time, the only explicit exception in the Sixth Circuit to the general rule that rights under the Eighth Amendment are co-extensive with rights under the Fourteenth Amendment pertains to excessive-force claims brought by pretrial detainees. *Id.* at 938 n.3 (recognizing that *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), abrogated the subjective intent requirement for Fourteenth Amendment excessive-force claims and that the standard which governs pretrial detainee claims may be shifting, but declining to apply the *Kingsley* standard to a pretrial detainee claim of deliberate indifference to a serious medical need).

Under the Eighth Amendment, prisoners must be provided meals nutritionally sufficient to sustain their normal health. *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977); *Curry v. Bobby*, No. 4:09-cv-614, 2010 U.S. Dist. LEXIS 28290, at *14 (N.D. Ohio Mar. 25, 2010). However, Plaintiff's broad allegation regarding the insufficiency of his diet, without more detail, is simply too conclusory to support the objective element of an Eighth Amendment claim. *See, e.g.*, *Montague v. Schofield*, No. 2:14-cv-292, 2015 U.S. Dist. LEXIS 53208, at *34 (E.D. Tenn. Apr. 22, 2015) ("Absent contentions such [as lost weight or other adverse effects], there is nothing factual from which the Court can reasonably infer that the food plaintiff is being served falls below the constitutional nutritional floor."); *Ward v. Gooch*, No. 5:07-CV-389-JMH, 2010 U.S. Dist. LEXIS 118566 (E.D. Ky. Nov. 5, 2010) (evidence that inmate lost almost 70 pounds over 10-month period and received 200-700 calories a day for almost a year was sufficient to raise genuine issue of material fact as to whether conditions rose to the level of being objectively, "sufficiently serious") (citing *Farmer,* 511 U.S. at 834)).

Plaintiff also claims that his meals have had bugs in them "on several acations." The relevant jurisprudence suggest that this allegation also fails to state a claim of constitutional dimension. *See, e.g.*, *Balcar v. Smith*, No. 17-5159, 2017 U.S. App. LEXIS 16462, at *4 (6th Cir. July 17, 2017) ("Isolated exposure to foreign bodies in food, including those of rodents and insects, does not constitute an Eighth Amendment violation."); *Russell v. City of Philadelphia*, No. 08-cv-5442, 2010 U.S. Dist. LEXIS 50456, at *22 (E.D. Penn. May 19, 2010) ("Regrettably, even the cleanest of kitchens may attract bugs, and when cooking for large groups of people it is possible that bugs may enter the food undetected."); *Lunsford v. Reynolds*, 376 F. Supp. 526, 527 (W.D. Va. 1974) ("The only contention concerning food which is detailed at all, is the inmates' complaint that their food frequently contains insects. Nevertheless,

occasional incidents of a foreign object contained in food, while regrettable, does not present a question of constitutional proportion.").

However, even the Court were to find that this allegation met the objective standard of an Eighth Amendment claim, Plaintiff has failed to allege that any official was "deliberately indifferent" to his health or safety. Indeed, Plaintiff does not allege that any officials were aware that his food had bugs in it on several occasions. He also fails to allege that any official "subjectively perceived facts from which to infer a substantial risk to [Plaintiff]," that any official "did in fact draw the inference," and that he or she "then disregarded that risk." *See Richko v. Wayne Cty.*, 819 F.3d 907, 915-16 (6th Cir. 2016) (quoting *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014)); *see also Balcar v. Smith*, 2017 U.S. App. LEXIS 16462, at *5-6.

Thus, the Court will dismiss these claims for failure to state a claim upon which relief may be granted.

### 2. Theft of Funds

Plaintiff also alleges that the Defendant Trinity Services Group is "stealing money from inmates trust funds, without returning comasory or funds." The Court construes this allegation as a due process claim for the unauthorized, intentional deprivation of property.

The Supreme Court has held that, to assert a constitutional claim for the deprivation of property, a plaintiff must allege that the state post-deprivation procedures are inadequate to remedy the deprivation. *See Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981). The law of this Circuit is in accord. For example, in *Vicory v. Walton*, 721 F.2d 1062 (6th Cir. 1983), the Sixth Circuit held that "in § 1983 damage suits claiming the deprivation of a property interest without procedural due process of law, the plaintiff must plead and prove that state remedies for

redressing the wrong are inadequate." *Id*. at 1066. The Sixth Circuit has found that Kentucky's statutory remedy for such losses is adequate within the meaning of *Parratt*. *See Wagner v. Higgins*, 754 F.2d 186, 191-92 (6th Cir. 1985).

Here, Plaintiff does not allege any reason why a state-court action would not afford him complete relief for any alleged wrongful taking of his funds. Thus, the Court will also dismiss this claim for failure to state a claim upon which relief may be granted.

### D. Injunctive Relief

Finally, the Court observes that even if it allowed any of Plaintiff's claims to proceed, he would not be entitled to the injunctive relief he seeks. Plaintiff indicates that he seeks "dismissal and expungement of all criminal records and charges." However, these remedies are not available in § 1983 action. "When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order for failure to state a claim upon which relief may be granted.

Date: May 16, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4411.011

10